1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:17-cr-00130-MCE

12                  Plaintiff,

13          v.                               **ORDER**

14   MAURICE ANTOINE JEFFERSON,

15                  Defendant.

16

17          Defendant Maurice Antoine Jefferson ("Defendant") pled guilty to: (1) Possession

18   with Intent to Distribute Marijuana Near a School Zone in violation of 21 U.S.C.

19   §§ 841(a)(1) and 860; (2) Possession with Intent to Distribute Cocaine in violation of

20   21 U.S.C. § 841(a)(1); and (3) being a Felon in Possession of a Firearm in violation of

21   18 U.S.C. § 922(g)(1).  He was sentenced on April 12, 2018, to one hundred thirty-two

22   (132) months of imprisonment.  Presently before the Court is Defendant's Motion to

23   Reconsider Denial of Motion to Reduce Sentence.  ECF No. 56.  The Government

24   opposes Defendant's request.  ECF No. 59.  For the reasons that follow, Defendant's

25   Motion is DENIED.

26          Defendant contends that "extraordinary and compelling circumstances" exist such

27   that he should be released prior to his current anticipated release date in December

28   2026.  More specifically, according to Defendant, "he is at a heightened risk of serious

1

1   illness or death from COVID-19 due to his heart condition: sick sinus syndrome."  ECF

2   No. 34, at 1.  "Sick sinus syndrome is the inability of the heart's natural pacemaker

3   (sinus node) to create a heart rate that's appropriate for the body's needs. It causes

4   irregular heart rhythms (arrhythmias)."  Id. at 3.  "Sick sinus syndrome is also known as

5   sinus node dysfunction or sinus node disease."  Id.  Given this heart condition,

6   Defendant contends he is "at increased risk of severe illness from COVID-19."  Id.  Even

7   having considered Defendant's medical issues, however, the Court concludes that

8   Defendant's release would be inappropriate.

9       "'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes

10   a final judgment' and may not be modified by a district court except in limited

11   circumstances."  Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original;

12   quoting 18 U.S.C. § 3582(b)).  Those circumstances are delineated in 18 U.S.C.

13   § 3582(c).  "[A]s part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to

14   also allow a defendant to seek a reduction directly from the court, provided that the

15   defendant first seeks a reduction from the [Bureau of Prisons ("BOP")] and that request

16   has either been denied or 30 days have passed."  United States v. Aruda, 993 F.3d 797,

17   799 (9th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)).  That statute now provides:

18   **(c) Modification of an imposed term of imprisonment**.—
19   The court may not modify a term of imprisonment once it has
    been imposed except that—

20   (1) in any case—

21   (A) the court, upon motion of the Director of the [BOP], or upon
22   motion of the defendant after the defendant has fully
    exhausted all administrative rights to appeal a failure of the
23   [BOP] to bring a motion on the defendant's behalf or the lapse
    of 30 days from the receipt of such a request by the warden of
24   the defendant's facility, whichever is earlier, may reduce the
    term of imprisonment (and may impose a term of probation or
25   supervised release with or without conditions that does not
    exceed the unserved portion of the original term of
26   imprisonment), after considering the factors set forth in section
    3553(a) to the extent that they are applicable, if it finds that—

27   ///

28   ///

2

(i) extraordinary and compelling reasons warrant such a reduction;

. . . .

and that such a reduction is **consistent with applicable policy statements** issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr.10 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

Id. (footnote omitted).

However, the current version of United States Sentencing Guidelines ("USSG") § 1B1.13 refers to only motions filed by the BOP, and does not reference motions filed by the defendant as now allowed under § 3582(c)(1)(A). Aruda, 993 F.3d at 800. Therefore, "'[t]here is as of now no applicable policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 801 (quoting United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotations and citations omitted). In sum, "[t]he Sentencing Commission's statements in USSG § 1B1.13 [referenced in the third prong] may inform a district court's discretion for the § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Id. (citation omitted).

3

Accordingly, not only does this Court choose to exercise its discretion in considering the USSG § 1B1.13 policy statement, but it utilizes that provision as the starting point for its § 3582(c)(1)(A) analysis. The USSG policy statement referenced in the third prong provides:

> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

Since Defendant is less than 70 years old and was not sentenced pursuant to 18 U.S.C. § 3559(c), he may be "entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

> (A) Medical Condition of the Defendant.
>
> . . . .
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment,

4

1   or

2   (III) experiencing deteriorating physical or mental health
    because of the aging process,

3

4   that substantially diminishes the ability of the defendant to
    provide self-care within the environment of a correctional
    facility and from which he or she is not expected to recover.

5

6   U.S.S.G. § 1B1.13 cmt. n.1.

7       Here, Defendant contends he suffers from serious physical or medical conditions

8   that make him particularly vulnerable to COVID-19 such that he qualifies for release.

9   The burden is on Defendant.  United States v. Holden, 2020 WL 1673440, at *3 (D. Or.

10  Apr. 6, 2020).  He has not met that burden here.

11      First, the Court absolutely agrees with the Government that "[Defendant] has not

12  met his burden to show a serious, chronic health condition that potentially satisfies

13  USSG § 1B1.13."  Gov. Mot. at 13.  Defendant has not shown that his medical condition

14  is terminal or of the sort that would substantially diminish Defendant's ability for self-care.

15  Second, release would be inappropriate after consideration of the 3553(a) factors and

16  because Defendant is a danger to the community.  Defendant's criminal history spans

17  over thirty years and includes violent offenses.[1]  The Court is not convinced Defendant

18  will not pick up where he left off if released.  Finally, requiring Defendant to serve his full

19  sentence is necessary to "reflect the seriousness of his offense, promote respect for the

20  law, [and] protect the public from further crimes of the [D]efendant."  Id. at 16.

21  ///

22  ///

23  ///

24  ///

25  ///

26

27  [1] The Court agrees with the Government that, because Defendant was sentenced before the
    enactment of the Agriculture Improvement Act, his state law conviction enhancement was proper.  ECF
    No. 50 at 5-6.  Accordingly, this Court declines to reduce Defendant's sentence in light of United States v.
28  Bautista, 989 F.3d 698 (9th Cir. 2021).

1       For the reasons set forth above, the Court thus concludes that release would be

2  inappropriate.  Defendant's Motion to Reconsider Denial of Motion to Reduce Sentence

3  Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) (ECF No. 56) is

4  DENIED.

5       IT IS SO ORDERED.

6

7       Dated:  September 3, 2021

8

9                                                    MORRISON C. ENGLAND, JR.
                                                     SENIOR UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28